## J. L. BARNHART v. STATE.

No. A-7069. Opinion Filed Jan. 31, 1930.
(287 Pac. 803.)

Early & Choate, J. T. Michael, and W. C. Madison, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, P. J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Canadian county on a charge of robbery with firearms, and was sentenced to serve a term of 25 years in the state penitentiary.

The record discloses that at the time charged the Canadian County Co-operative Grocery Store at El Reno was robbed by three men and about $1,500 in money taken. One of the men entered from the front and two entered from the warehouse in the rear. These two, with pistols, held up the employees, and, after taking the money, all made their escape. One Jimmie Holmes, who had been charged as one of the participants, had pleaded guilty, and had been sentenced to a term of ten years in the penitentiary, testified for the state, in substance, that he and defendant and one Frank Lemmons were the persons who

committed the robbery; that they went from Oklahoma City together in a car to El Reno; that he entered the front of the store and defendant and Lemmons went into the warehouse in the rear; that he gave a signal, and they then entered and committed the robbery; that all then left the store, and he returned to the car, and, as defendant and Lemmons did not come to the car, he returned to Oklahoma City.

The defense is alibi. Defendant testified, in substance, that he had no connection with the crime, knew nothing about it, and at the time was ten miles east of Oklahoma City. He offered other evidence tending to prove alibi, including the testimony of Frank Lemmons, also charged as a participant in the robbery. Lemmons flatly contradicted the testimony of Holmes. The state, in corroboration of the testimony of Holmes, called the employees of the store which was robbed. Some of whom positively identified defendant; others were not so positive. Defendant had a prior criminal record, and had served one term in the state penitentiary. Holmes, who testified as an accomplice, was a drug addict.

The testimony is squarely in conflict, but its weight and the credibility of the witnesses was for the jury who by their verdict have found the issues against defendant.

The case was tried in December, 1927; the appeal was lodged in this court in June, 1928. No briefs in support have been filed. We have read the record with care, and find no jurisdictional nor fundamental error. No reason to disturb the verdict is made to appear.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.